**IN THE COURT OF APPEALS OF IOWA**

No. 19-0606
Filed December 18, 2019

**IN RE THE MARRIAGE OF KELLY KIMBERLY TEDROW
AND ERIC WADE TEDROW**

**Upon the Petition of
KELLY KIMBERLY TEDROW,**
        Petitioner-Appellee,

**And Concerning
ERIC WADE TEDROW,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Van Buren County, Shawn Showers,

Judge.


        Eric Tedrow appeals from the decree dissolving his marriage. **AFFIRMED.**


        Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

        Michael O. Carpenter of Gaumer, Emanuel, Carpenter & Goldsmith, P.C.,

Ottumwa, for appellee.


        Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Kelly and Eric Tedrow were married in 2015. They have one child, H.T., who was born in 2017. In 2018, Kelly petitioned for dissolution.

At trial, neither parent requested joint physical care of H.T. Rather, each asked to be awarded physical care. Ultimately, the district court awarded physical care to Kelly and visitation to Eric. On appeal, Eric asks us to reverse the district court's physical care determination.

"'Physical care' means the right and responsibility to maintain a home for the minor child and provide for the routine care of the child." Iowa Code § 598.1(7) (2018). "The parent awarded physical care is required to support the other parent's relationship with the child." *In re Marriage of Hansen*, 733 N.W.2d 683, 700 (Iowa 2007) (citing Iowa Code § 598.41(5)(b) (2005)); *accord* Iowa Code § 598.41(5)(b) (2018). In determining which parent should have physical care, the court focuses on the "goals of stability and continuity with an eye toward providing the child[] with the best environment possible for [the child's] continued development and growth." *Hansen*, 733 N.W.2d at 700.

Following our de novo review, we conclude physical care was properly awarded to Kelly. We adopt the district court's findings that both Kelly and Eric are "capable parents" who "care greatly" for H.T. But we also agree that Kelly is in a more stable position. And we agree that Kelly is a "proven caregiver" with experience in co-parenting her other children with her former spouses.

So we affirm the district court in all regards.  But we deny Kelly's request for appellate attorney fees.  *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005).

**AFFIRMED.**